UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY No.:  20-31728

Eva Marie Evgen,

Debtor.

**APPLICATION FOR APPROVAL OF**
**EMPLOYMENT OF ATTORNEY**

1.    Applicant is the trustee in this case.

2.    Applicant believes that the employment of an attorney is necessary to represent or assist the trustee in carrying out the trustee's duties;

Represent the bankruptcy estate in relation to a claim arising out of the death of Debtor's father.

3.    Adam Ellis of Panish Shea & Boyle, LLP, located at 8816 Spanish Ridge Avenue, Las Vegas, Nevada, 89148, are qualified by reason of practice and experience to render such representation or assistance.

4.    Proposed compensation and reimbursement of expenses is as follows:  Counsel are being retained on a contingent fee and cost basis pursuant to the agreements attached as **Exhibit A.**

5.    Said professional has disclosed to the undersigned that he has the following connections with the Debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee:  Counsel represents the Debtor in connection with this claim and has acknowledged that any dispute that may arise between the bankruptcy estate and Debtor shall be resolved by separate counsel.

6.    The trustee has made the following efforts to recover the asset prior to submitting this Application:  Due to the nature of the litigation Trustee believes immediate retention of counsel is appropriate.

**WHEREFORE**, Applicant prays that the Court approve such employment by the trustee.

Dated: May 12, 2021

e/ John A. Hedback
John A. Hedback, Trustee
2855 Anthony Lane South, Suite 201
St. Anthony, MN  55418
(612) 436-3280

**PANISH
SHEA &
BOYLE**
LLP

8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
702.560.5520 Phone
702.975.2515 Fax
www.psblaw.com

### ATTORNEY-CLIENT CONTINGENT FEE CONTRACT

This ATTORNEY-CLIENT CONTINGENT FEE CONTRACT (the "Agreement") is the written fee contract that Nevada law requires lawyers to have with their clients.  It is between PANISH SHEA & BOYLE LLP, ("Attorney") and John A. Hedback, in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Eva Marie Evgen ("Client").

**1)    CONDITIONS.**  This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2)    SCOPE OF SERVICES.**  Client is hiring Attorney to represent Client in the matter of Client's rights to the claim arising out of the death of Henry Pinc, father of Eva Marie Evgen. Attorney will provide those legal services reasonably required to represent Client in these claims, and will take reasonable steps to inform Client of progress and to respond to Client's inquiries.  Attorney will represent Client in any court action until a settlement or judgment, by motion, arbitration or trial, is reached, and in connection with any appropriate post-trial motions.  After judgment, Attorney will not represent Client on any appeal, or in any proceedings designed to execute on the judgment, unless Client and Attorney agree that Attorney will provide such services and also agree upon additional fees, if any, to be paid to attorney for such services.

**3)    CLIENT'S DUTIES.**  Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any developments, to abide by this Agreement, to pay bills for costs (if any) on time, and to keep Attorney informed of Client's address, telephone number and whereabouts.  Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

**4)    LEGAL FEES, COSTS AND BILLING PRACTICES.**  Attorney will only be compensated for legal services rendered if a recovery is obtained for Client.  **IF NO RECOVERY IS OBTAINED, CLIENT WILL NOT BE OBLIGATED TO PAY ANY FEES OR COSTS TO ATTORNEY.**

Attorney's fees will be calculated as follows:

**ATTORNEY'S FEES WILL BE FORTY PERCENT (40%) OF THE TOTAL AMOUNT RECEIVED BY CLIENT.**

**THE CLIENT'S NET RECOVERY WILL BE THE SUM OF MONEY WHICH REMAINS FROM THE TOTAL AMOUNT RECEIVED BY SETTLEMENT, ARBITRATION AWARD OR JUDGMENT (INCLUDING AWARDS TO CLIENT OF ATTORNEY'S FEES, INTEREST AND COSTS), <u>AFTER</u> THE DEDUCTION OF ATTORNEY'S FEES (WHICH WILL BE SUBTRACTED FIRST) AND THE FURTHER DEDUCTION OF ALL UNPAID COSTS AND DISBURSEMENTS AS SET FORTH IN PARAGRAPH 6.**

If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the "total amount received", for purposes of calculating the attorney's fees, will be (a) the initial lump-sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter; (b) the cost to the defendant of purchasing the annuity or other deferred-payment asset; or (c) if the asset is self-funded,

1

EXHIBIT A

the cost of purchasing a comparable asset on the open market.  The attorney's fees will be paid out of the initial lump-sum payment.  If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

In the event of discharge or withdrawal of Attorney as provided in Paragraph 10, Client agrees that Attorney shall be entitled to be paid by Client, upon payment of any settlement, arbitration award or judgment in favor of Client, a reasonable fee for the legal services provided by Attorney to Client, as well as reimbursement of costs.

**5)   NEGOTIABILITY OF FEES.**  The rates set forth above are not set by law, but were negotiated between Attorney and Client.

**6)   COSTS AND EXPENSES.**  Panish Shea & Boyle LLP will advance all litigation and trial costs and expenses.  Client will reimburse Panish Shea & Boyle LLP for such advanced costs and expenses upon settlement, arbitration award or judgment.  "Costs and expenses" include filing and court fees, service of process fees, mediator and special master fees, jury fees, investigation fees and expenses, expert consultant and witness fees, deposition costs, court transcripts, photocopying, printing and other reproduction charges, exhibits, graphic artist and filming fees, computer animation fees, computer reenactment fees, computerized research, word processing charges, mock trials or focus groups, jury trial consultant fees, telephone toll charges, travel costs (including mileage, charter and other air travel, accommodations, meals, parking and other incidental travel expenses), messenger and other delivery charges, postage, probate or estate counsel fees, appellate counsel's costs and any other necessary expenses in this matter.  Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants, expert witnesses and appellate counsel reasonably necessary in Attorney's judgment.  Client further authorizes Attorney to incur all reasonable costs to retain an outside service to negotiate the reduction of any liens and subrogation claims, including any claims for future medical cost "set asides".

If an award of costs is sought on Client's behalf in this action, Client understands that the amount the Court may order as costs is the amount the Court believes the party is entitled to recover under applicable law and does not determine the costs for which the Attorney is entitled to receive reimbursement from Client.  **IF LITIGATION IS COMMENCED AND THE CLIENT LOSES, THE CLIENT MAY BE RESPONSIBLE FOR THE OPPOSING PARTY'S ATTORNEYS' FEES AND WILL BE LIABLE FOR THE OPPOSING PARTY'S COSTS AS REQUIRED BY LAW.  A SUIT BROUGHT SOLELY TO HARASS OR TO COERCE A SETTLEMENT MAY RESULT IN LIABILITY FOR MALICIOUS PROSECUTION OR ABUSE OF PROCESS. CLIENT REPRESENTS TO ATTORNEY THAT THIS LAWSUIT IS NOT BROUGHT SOLELY TO HARASS OR TO COERCE A SETTLEMENT.**

Client agrees that Attorney may withhold a portion of Client's net recovery for up to one hundred twenty (120) days following Client's signing of a client accounting to compensate for additional costs that were or may be incurred and were not included in the initial client accounting.  Client agrees that Attorney many deduct additional costs from this "cost hold" and any balance of the withheld amount will be paid to Client.

**7)   INSURANCE COVERAGE.**  Attorney maintains errors and omissions insurance coverage applicable to the services to be rendered to client.

**8)   ARBITRATION**.  **Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, including any claim by Client against Attorney for breach of contract, professional negligence (malpractice), breach of fiduciary duty or any other tort or contract claim, shall be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of Judicate West.  The sole and exclusive venue for the arbitration and or any legal dispute, shall be in Los Angeles, California unless otherwise agreed to by the parties.**

EXHIBIT A

**Client acknowledges that Client can retain an attorney whose retainer agreement does not contain an arbitration provision and that Client has been fully advised of all of the possible consequences of arbitration including, but not limited to:**

a.   **the parties are waiving their right to a jury trial and to seek remedies available in court proceedings;**
b.   **prearbitration discovery is generally more limited than and different from court proceedings;**
c.   **the arbitrator's award is not required to include factual findings or legal reasoning; and**
d.   **any party's right to appeal or to seek modification of the award is strictly limited and the award is final and binding on the parties.**

**Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, *et seq.*  If Client does not timely elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration under the Judicate West Rules as described above.**

**9)   RELATED UNKNOWN MATTERS.**  Client represents that Client does not know of any related legal matters that would require legal services to be provided under this Agreement.  Such related matters might include, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy or claims by any defendant or possible defendant in this matter.  If such a matter arises later, Client agrees that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Client and Attorney agree that Attorney will perform that additional legal work.

**10)   DISCHARGE AND WITHDRAWAL.**  Client may discharge Attorney at any time, upon written notice to Attorney, and Attorney will immediately, after receiving such notice, cease to render additional services.  Such a discharge does not, however, relieve Client of the obligation to pay any costs incurred prior to such termination, and Attorney has the right to recover from Client the reasonable value of Attorney's legal services rendered from the effective date of the Agreement (Paragraph 15) to the date of discharge.  Attorney may withdraw from representation of Client (a) with Client's consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Client.

**11)   LIEN.**  Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Agreement.  Attorney's lien will be for any sums owing to Attorney for any unpaid costs or attorney's fees under this Agreement.  The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.  This means that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged or has withdrawn from the case before the end of the case.  Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien.  By signing this Agreement, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer.

**12)   ENDORSEMENT AUTHORIZATION.**  Client hereby grants Attorney authorization to endorse on Client's behalf any checks, drafts, and other orders for the payment of money which are payable to Client so that the amount can be deposited in the Client Trust Account of Panish Shea & Boyle LLP.

**13)   CONCLUSION OF SERVICES.**  When Attorney's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable.  After Attorney's services

EXHIBIT A

conclude, Attorney will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorney's possession.

**14)    DISCLAIMER OF GUARANTEE.**  Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees.  There can be no assurance that Client will recover any sum or sums in this matter.  Attorney's comments about the outcome of Client's matter are expressions of opinion, only.

**15)    EFFECTIVE DATE.**  This Agreement will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorney first performed services on behalf of Client.

**16)    NO CONFIDENTIALITY AGREEMENTS.**  Client understands and agrees that Attorney's ability to represent Client adequately is greatly enhanced by being able to exchange information, documents, materials, and other things with other attorneys handling similar cases for similarly situated persons.  Client understands and agrees that any requirement that information, documents, materials, or things developed, obtained, or discovered by Attorney in the course of prosecuting the Claims be kept confidential as a term of settlement of the Claims would hamper Attorney's ability to receive cooperation from other attorneys and would result in placing an undue burden and expense on other similarly situated claimants.  Therefore, Client agrees that Attorney will not be required to agree to a settlement offer which requires Attorney to keep confidential any information, documents, materials, or things developed, obtained, or discovered by Attorney while representing Client unless agreed to by Attorney at the time of the settlement.

**17)    FILE RETENTION.**   After the conclusion of the matter, Attorney will notify Client that Client is entitled to take possession of the file in the case.  If Client does not wish to take possession of the file, Attorney is authorized to dispose of the file.

**18)    CONFLICT WAIVER.**  Attorney has discussed with Client that Attorney represents or may represent more than one plaintiff in this action and that potential conflicts of interest could result.  By signing this document, Client certifies that Client has been informed of the potential conflicts of interest and waives any potential conflict of interest that could result from Attorney representing more than one plaintiff.

**19)    MULTI-JURISDICTIONAL PRACTICE.**   As Panish Shea & Boyle LLP operates in multiple jurisdictions, the firm is required to notify you that not all attorneys in the firm are licensed in each jurisdiction. That is, not all attorneys in the firm are licensed to practice law in Nevada. However, unless we notify you in writing otherwise, all legal work in connection with your case will be performed by an attorney licensed in Nevada, or by staff supervised by an attorney licensed in Nevada.

**20)    FEE SHARING.**  Client understands and acknowledges that Reza Torkzadeh of the law firm of Tork Law is the referring attorney and/or co-counsel in this matter and is entitled to share in the attorney's fees. Client understands that this agreement will not increase the total amount of attorney's fees owed to Attorney by Client. Pursuant to California Rule of Professional Conduct 1.5.1 and Nevada Rule of Professional Conduct 1.5(e)(2) Client agrees that the fee will be shared as follows: 50% to Panish Shea & Boyle LLP; 50% to Tork Law.

 [remainder of this page intentionally left blank]

EXHIBIT A

"Attorney"
PANISH SHEA & BOYLE LLP

By: _____ *[signature]* _____

Its: Attorney _____

I/WE HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Dated: 10/8/20 _____        _____ *[signature]* _____

John A. Hedback, in his capacity as the
Chapter 7 Trustee for the bankruptcy estate
of Eva Marie Evgen

Address: 2855 Anthony Ln S

Suite 201

St Anthony MN 55418

Telephone:

Home: _____        Mobile: _____        Work: 612-436-3280

Email: jhedback@hoc-mnlaw.com

5

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 20-31728

Eva Marie Evgen,

Debtor.

---

**VERIFIED STATEMENT PURSUANT TO FEDERAL RULE 2014(a)**

---

I, Adam Ellis of Panish Shea & Boyle, LLP, the professional named in the application for employment on behalf of the above-named bankruptcy estate, declare under penalty of perjury the following:

1.     I do not hold or represent any interest adverse to the estate and am disinterested as required by 11 U.S.C. § 327.

2.     I do not have any connections to the debtor, creditors, or other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Offices of the United States Trustee, except for the following: None, except that applicant represents the Debtors in connection with the litigation for which the trustee has proposed to retain me.

Dated: 5/11/2021

_____
Adam Ellis, Esq.
Panish Shea & Boyle, LLP
8816 Spanish Ridge Avenue
Las Vegas, Nevada, 89148

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                      BKY No.:  20-31728

Eva Marie Evgen,

        Debtor.

---

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

---

The undersigned, being an employee of Hedback & Carlson, PLLC, attorneys licensed to practice law in this Court, with offices located at 2855 Anthony Lane South, St. Anthony, Minnesota, declares that on **May 12, 2021**, I caused a copy of the **Application for Apprval of Employment of Attorney; Exhibit A; and Proposed Order** to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all parties registered to receive electronic service, including the US Trustee's Office.

And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: May 12, 2021.                                    /e/ Janine M. Hedback_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 20-31728

Eva Marie Evgen,

Debtor.

---

**ORDER APPROVING EMPLOYMENT OF ATTORNEY**

---

The Trustee's Application to Approve the Employment of Panish Shea & Boyle, LLP, as the trustee's attorneys (Dkt. ___) came before the court.

Based on the Application, the recommendation of the United States Trustee 11 U.S.C. § 327,

**IT IS HEREBY ORDERED:**

1.     The employment is approved.

Dated:                                   _____
                                         William J. Fisher
                                         United States Bankruptcy Judge